## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| In re: | : | |
| | : | **Case No. 11-10200-RGM** |
| **MS GRAND, INC.** | : | **Chapter 7** |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| **RAYMOND A. YANCEY,** | : | |
| **Chapter 7 Trustee for MS Grand, Inc.** | : | |
| **And its bankruptcy estate,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **Vasinee Food Corp.,** | : | **Adv. Pro. No. 12-01489-RGM** |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM IN SUPPORT OF
## CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Raymond A. Yancey, Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the estate of

MS Grand, Inc. ("MS Grand"), submits this memorandum (the "Memorandum") in support of

the Trustee's Motion for Summary Judgment (the "Motion"), pursuant to Rule 56 of the Federal

Rules of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by Rule 7056

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 7056-1

_____
WHITEFORD, TAYLOR & PRESTON L.L.P.
Bradford F. Englander (VSB #36221)
Christopher A. Jones (VSB #40064)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9260
(703) 280-3370 (facsimile)
E-mail:  cajones@wtplaw.com

_Special Counsel for the Raymond A. Yancey, Chapter 7 Trustee_

of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the

"Local Rules"), and respectfully states as follows:

## I.   **INTRODUCTION**

Through the *Complaint to Avoid Transfers and to Recover Property and for Related Relief* filed in this proceeding (the "Complaint"), the Trustee is seeking to avoid two unauthorized post-petition transfers (the "Transfers") in the total amount of $25,995.00.  By the Motion and this Memorandum, the Trustee is seeking this Court's determination that Transfers are avoidable as unauthorized post-petition transfers of an interest of MS Grand's property, and recoverable from Defendant as the initial transferee of the Transfers.

As demonstrated herein, there is no dispute of material fact that: (i) MS Grand made both of the Transfers, which Transfers were property of MS Grand; (ii) each transfer was made after the filing of MS Grand's bankruptcy petition (the "Petition Date"); and (iii) none of the Transfers were authorized by the Bankruptcy Code or the Court.  Further, Defendant's affirmative defenses to the avoidance and recovery of the Transfers – (1) contemporaneous exchange for new value under section 547(c)(1) of the Bankruptcy Code; (2) ordinary course of business under section 547(c)(2) of the Bankruptcy Code; and (3) subsequent new value under section 547(c)(4) of the Bankruptcy Code – are simply inapplicable in the section 549 context.  Accordingly, the Trustee is seeking summary judgment to avoid the Transfers and recover their value from Defendant.

## II.   <u>FACTUAL BACKGROUND</u>[1]

MS Grand is a food product wholesaler operating out of a warehouse in Lanham, Maryland.  *See* Defendant's Answer [Adv. Pro. Dkt. No. 8] (the "<u>Answer</u>") ¶ 15; Complaint ¶ 15.  Defendant was a supplier of Thai foods to MS Grand on credit terms, and conducted business with MS Grand for approximately nine years prior to the Petition Date.  *See* Answer ¶¶ 20, 21; Complaint ¶ 22.

On February 1, 2013, more than two months after the deadline to file a responsive pleading, Defendant filed its Answer to the Complaint.  In its Answer, Defendant admits that MS Grand issued Defendant, and that Defendant received, two checks, dated October 26 and October 28, 2010, in the amounts of $12,500.00 and $13,495.00, respectively (the "<u>Post-Petition Checks</u>").  Answer ¶¶ 22, 37; Complaint ¶ 22.[2]  Further, in its Answer, Defendant asserts that the

---

[1]     The Trustee does not concede the truth or accuracy of the factual background contained herein, but merely assumes such truth and accuracy for purposes of this Motion.  *See Henson v. Liggett Group, Inc.*, 61 F.3d 270, 275 (4th Cir. 1995) ("[O]n summary judgment the non-moving party is entitled to have his evidence as forecast assumed [and] his version of that in dispute accepted . . . .") (internal quotation marks omitted).

[2]     Copies of the Post-Petition checks are attached hereto as **Exhibit A**.  Defendant included the Post-Petition Checks with the Exhibit List for Defendant (the "<u>Exhibit List</u>") filed with the Clerk's Office on July 11, 2013.  *See* Adv. Pro. Dkt. No. 21.  A copy of the Exhibit List is attached hereto as **Exhibit B**.

Although courts ruling on Rule 56 motions may consider only admissible evidence, courts have considered unauthenticated documents in the Rule 56 context where the parties do not dispute the accuracy of such documents.  *See, e.g., U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc.*, 296 F. Supp. 2d 1322, 1327 (S.D. Ala. 2003) (considering unauthenticated documents attached to a motion for summary judgment where "there appears to be no dispute between the parties that [the exhibit] is in fact a true and accurate copy of the [document]," explaining, as such, that "it is apparent that this document can be reduced to admissible, authenticated form at trial, and the Court will consider it on that basis"); *see also Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) (considering unauthenticated documents attached to a motion for summary judgment, explaining that "[s]uch an exception to the authentication requirement is particularly warranted in cases such as this where the objecting party does not contest the authenticity of the evidence submitted").  As noted

Post-Petition Checks were "replacement checks for previous NSF checks delivered prior to the

Petition Date." Answer ¶ 22.  In its Answer, Defendant also raises three affirmative defenses:

A.  The checks identified in Exhibit 1 constitute [a] contemporaneous
    exchange as defined in Section 547(c)(1) of Title 11 of the United States
    Code . . . .
B.  The checks identified in Exhibit 1 constitute transactions in the ordinary
    course of business a[s] defined in Section 547(c)(2) of the Bankruptcy
    Code.
C.  The checks identified in Exhibit 1 are not avoidable post-petition transfers
    because the Defendant extended subsequent new value to the Debtor as
    defined in Section 547(c)(4) of the Bankruptcy Code.

Answer at p. 3.

## III.   LEGAL ANALYSIS

### A.   SUMMARY JUDGMENT STANDARD

Federal Rule 56(a), made applicable to this proceeding by Bankruptcy Rule 7056,

provides that summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

R. CIV. P. 56(a); FED. R. BANKR. P. 7056.  Entry of sum`mary judgment "is mandated where the

facts and the law will reasonably support only one conclusion."  *Hawkins v. PepsiCo, Inc.*, 203

F.3d 274, 279 (4th Cir. 2000) (quoting *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356

(1991)).  Issues of material fact are genuine only if "the evidence is such that a reasonable jury

---

above, Defendant attached the Post-Petition Checks to his Exhibit List, and, thus, the Parties do
not dispute that the checks contained in Exhibit A hereto are true and accurate copies of the Post-
Petition Checks.  *See Rodriguez v. Gomez*, No. 92-0725, 1999 WL 183622 (N.D. Cal. Mar. 31,
1999) (considering unauthenticated documents attached to a motion for summary judgment
where the nonmoving party "does not actually dispute the authenticity of any particular
document," and where the nonmoving party attached most of the documents to which he now
objects" as exhibits to a prior pleading).

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

248 (1986). The court's function is "not . . . to weigh the evidence and determine the truth of the

matter . . . [but to] determin[e] whether there is a need for a trial." *Id.* at 249-50.

> [The party opposing summary judgment] may not rest on his pleadings, but rather
> must show that specific, material facts exist that give rise to a genuine triable
> issue. [The party opposing summary judgment] may not, of course, create a
> genuine issue of material fact through mere speculation or the building of one
> inference upon another[.]

*In re McNallen*, 62 F.3d 619, 623-24 (4th Cir. 1995) (internal citations and quotation marks

omitted).

### B.   AVOIDANCE OF THE TRANSFERS

Count I of the Complaint seeks to avoid the Transfers, pursuant to section 549 of the

Bankruptcy Code, which states, in pertinent part: "[T]he trustee may avoid a transfer of property

of the estate − (1) that occurs after the commencement of the case; and (2) . . . (B) that is not

authorized under [the Bankruptcy Code] or by the court." 11 U.S.C. § 549. The trustee's *prima*

*facie* showing of an avoidable transfer under section 549 of the Bankruptcy Code "requires,

under the Statute, the satisfaction of four elements: (1) a transfer, (2) of property of the estate, (3)

made after commencement of the case, and (4) that is not authorized under the Bankruptcy Code

or by the bankruptcy court." *Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round*

*Enters., Inc.)*, 400 F.3d 219, 224 (4th Cir. 2005).

### i.   The Trustee Has Made a *Prima Facie* Showing of the Avoidability of the Transfers

Here, it is undisputed that the Trustee has met all four elements of an avoidable transfer

under section 549 of the Bankruptcy Code. The Post-Petition Checks – the validity of which

Defendant concedes – and the Answer establish the first three elements. *See* Answer ¶ 22

("Defendant admits receiving the checks identified on Exhibit 1 [to the Complaint]."). **First**, the backs of the Post-Petition Checks show that the checks were negotiated and deposited into Defendant's account with East West Bank. *See* <u>Exh. A</u>; *Armstrong v. First Am. Bank, Minot (In re Haugen Constr. Serv., Inc.)*, 88 B.R. 222, 224 (Bankr. N.D. 1988) (holding that the "negotiation of a check allegedly received as post-petition payment on debtor's pre-petition debt would constitute a transfer under the Bankruptcy Code"). **Second**, the negotiation and deposit of the Post-Petition Checks, which drafts were drawn on checks of one of MS Grand's Woori America Bank accounts, were a transfer of "property of the estate." *See* <u>Exh. A</u>; *Franklin v. Kwik Cash of Martin (In re Franklin)*, 254 B.R. 718, 721 (Bankr. W.D. Tenn. 2000) ("Checking account balances become 'property of the estate' once a bankruptcy petition is filed."). And **third**, the checks both dated and deposited on October 26 and October 28, 2010, respectively, were thus transferred "after the commencement of the case," *i.e.*, after October 19, 2010. *See* <u>Exh. A</u> Defendant concedes this point. *See* Answer ¶ 37 ("Admitted . . . that Defendant received the replacement checks following the Petition Date.").

**Fourth**, although Defendant denies same,[3] the Transfers were not authorized by the Bankruptcy Code or this Court. *See Gentry v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.)*, 439 B.R. 652 (E.D. Va. 2010) (holding that "a bankruptcy court may take judicial notice of the contents of the docket and pleadings in its territorial jurisdiction") (internal quotation marks omitted). Accordingly, there is no genuine dispute of material fact with respect to any of the four elements under section 549 of the Bankruptcy Code, and, thus, the Trustee has met his burden of proving the avoidability of the Transfers.

---

[3]    Defendant, however, cannot point to a specific section of the Bankruptcy Code or order of this Court authorizing the Transfers.

6

ii.    **Each of the Defendant's Defenses to the Avoidability of the Transfers Is Inapplicable in the Section 549 Context**

Once a Trustee has made a *prima facie* showing of an avoidable transfer under section 549 of the Bankruptcy Code, "the burden of proving the validity of the transfer rests with the defendants." *In re Rood*, 459 B.R. 581, 606 (Bankr. D. Md. 2011) (internal quotation marks omitted); *see also* FED. R. BANKR. P. 6001 ("Any entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof.").

As discussed *supra*, Defendant asserts three affirmative defenses in its Answer: (i) contemporaneous exchange for new value under section 547(c)(1) of the Bankruptcy Code; (ii) ordinary course of business under section 547(c)(2) of the Bankruptcy Code; and (iii) subsequent new value under section 547(c)(4) of the Bankruptcy Code.   Such defenses, available in preference actions, *are simply inapplicable in the section 549 context*.   As one bankruptcy court held:   "Th[e] application of a defense under section 547 to a claim under section 549 is incorrect since section 547 governs the avoidability of pre petition transfers whereas section 549 governs the avoidability of post petition transfers." *Dubuque Packing Co. v. Stonitsch (In re Isis Foods, Inc.)*, 37 B.R. 334, 336-37 (W.D. Mo. 1984); *see also Mukamal v. Erlinda B. Enriquez, M.D., P.A. (In re RX Cardiovascular Specialties, Inc.)*, 355 B.R. 873, 875 (Bankr. S.D. Fla. 2006) ("[T]here does not appear to be any case in which a court found that the defenses available under 11 U.S.C. § 547 are available to an action to avoid a transfer pursuant to 11 U.S.C. § 549."); *McLemore v. Citizens Bank of Cookeville (In re Tom McCormick Enters., Inc.)*, 26 B.R. 437, 441 (Bankr. M.D. Tenn. 1983) (criticizing a defendant in a section 549 action for "confus[ing] . . . § 549 . . . with § 547").

Courts around the country have reached the same conclusion with respect to each of the asserted affirmative defenses specifically. *See Clendenen v. Van Dyk Oil Co., Inc. (In re By-Rite Distrib., Inc.)*, 89 B.R. 906, 910 (D. Utah 1988) (expressly rejecting the "assert[ion] that the *contemporaneous exchange* defense . . . should apply . . . under § 549") (emphasis added); *In re Lopez*, No. 05-05926, 2006 WL 6593258, *2 (Bankr. S.D. Cal. Sept. 26, 2006) ("While the '*ordinary course*' defense might apply to the alleged preferences, there is no comparable defense to the admitted postpetition transfers.") (emphasis added); *Putney v. Barnett Bank of Cent. Fla., N.A. (In re W&T Enters., Inc.)*, 84 B.R. 838, 840 (Bankr. M.D. Fla. 1988) ("The Court need not address whether this transaction was a '*contemporaneous transfer*' or whether '*new value*' was given as those exceptions are not applicable to § 549 actions.") (emphasis added).

That courts have uniformly held that the defenses contained in section 547 of the Bankruptcy Code are inapplicable in the section 549 context should not come as a surprise, considering that section 549 contains its own defenses.  Unfortunately for Defendant, these exceptions – deemed "very narrow" – do not apply to this case.  *See In re Ward*, 837 F.2d 124, 127 (3d Cir. 1988) (quoting 5 Alan N. Resnick et al., Collier on Bankruptcy § 549.02 (16th ed. 2013)).  First, the exception embodied in section 549(b) applies only during the "time between the filing of the petition for involuntary bankruptcy and the order of relief," and is thus inapplicable to this voluntary bankruptcy case.  *See Yancey v. Varner (In re Pucci Shoes, Inc.)*, 120 F.3d 38, 41 (4th Cir. 1997).  Second, the exception embodied in section 549(c), by its own terms, only applies to "a transfer of an interest in *real* property."  11 U.S.C. § 549(c) (emphasis added).  Because this case involves MS Grand's transfer of *money*, not real property, section

549(c) is inapplicable herein.  Accordingly, each of the Defendant's affirmative defenses to the avoidability of the Transfers is without merit.

Finally, in its Answer, Defendant offers, while "admit[ting] receiving the checks," that "these checks were replacement checks for previous NSF checks delivered prior to the Petition Date."  Answer ¶ 22.  Even assuming that Defendant is correct in this regard, such circumstances do not provide a defense to the avoidability of the Transfers.  The fact remains that the Transfers were transfers of the Property of MS Grand, made after the Petition Date on account of pre-petition invoices, that were unauthorized by either the Bankruptcy Code or the Bankruptcy Court.  *See* 5 COLLIER ON BANKRUPTCY, *supra* § 549.03 ("Examples of postpetition transfers not authorized by the Bankruptcy Code or the bankruptcy court that are recoverable by the trustee [include] payments to prepetition creditors . . . .").  In light of the foregoing, the Transfers are indisputably avoidable as unauthorized post-petition transfers under section 549 of the Bankruptcy Code.

### C.   RECOVERY OF THE TRANSFERS

Because the transfers are subject to avoidance, the Trustee can recover the Transfers from Defendant.  Section 550 of the Bankruptcy Code states, in pertinent part, that if "a transfer is avoided under section . . . 549 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred . . . from – (1) the initial transferee of such transfer . . . ."  11 U.S.C. § 550(a).

Here, the Post-Petition Checks reflect that Defendant was the payee of the Post-Petition Checks and that Defendant deposited the Post-Petition Checks into an account it has with East West Bank.  *See* Exh. A.  Defendant concedes this point in its Answer.  *See* Answer ¶ 37

("Admitted . . . Defendant *received the replacement checks* following the Petition Date.") (emphasis added).   Accordingly, the Transfers are recoverable from Defendant as the initial transferee thereof.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Trustee respectfully requests that the Court enter summary judgment in favor of the Trustee on Count I of the Complaint on the basis that the Transfers are avoidable as unauthorized post-petition transfers pursuant to 11 U.S.C. § 549, and recoverable from Defendant as the initial transferee of the Transfers pursuant to 11 U.S.C. § 550(a)(1).

Dated:  August 21, 2013

/s/ Christopher A. Jones
WHITEFORD, TAYLOR & PRESTON L.L.P.
Bradford F. Englander (VSB #36221)
Christopher A. Jones (VSB #40064)
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042
(703) 280-9260
(703) 280-3370 (facsimile)
E-mail:  cajones@wtplaw.com

*Special Counsel for Raymond A. Yancey, Chapter 7 Trustee*

2059636

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August, 2013, a true and correct copy of the foregoing Motion, was served via the Court's CM/ECF system, electronic mail and first class mail, postage prepaid, on the following:

Joseph A. Cerroni, Jr., Esq.
5033-B Backlick Road
Annandale, Virginia 22003
*Counsel for Defendant*

/s/  *Christopher A. Jones*
Christopher A. Jones